# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:17-cr-00227 |
| | ) | Judge Trauger |
| JACQUISE MILLER | ) | |

## MEMORANDUM AND ORDER

The defendant has filed a Motion for New Trial (Docket No. 148), to which the government has filed a Response (Docket No. 150). The defendant was convicted in a 4-day jury trial of possessing with intent to distribute an unspecified quantity of marijuana and cocaine and of possessing a firearm in furtherance of drug trafficking. Seven witnesses testified for the government, and the defendant put on no proof.

Rule 33 of the Federal Rules of Criminal Procedure authorizes the court to grant a new trial if the verdict is against the "manifest weight" of the evidence. *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007). Such a motion calls on the trial judge to take on the role of thirteenth juror, weighing evidence and making credibility determinations first hand to insure there is not a miscarriage of justice. *See id* at 593 (citing *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)). Generally such motions are granted only "in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979), aff'd, 633 F.2d 219 (6th Cir. 1980). The rule requires the court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. Motions for new trial are disfavored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969

1

(6th Cir. 1976). The defendant bears the burden of proving that a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

The defendant argues that there was insufficient evidence produced at the trial to establish that he had the intent to distribute drugs or the intent to possess a firearm in furtherance of drug trafficking. He argues that this was an entirely circumstantial case, that crucial witnesses lacked credibility, and that evidence was admitted in error. No transcript has been prepared, so the court is relying upon its memory and notes in this ruling.

The defendant's car was seized shortly after he locked it and walked away from it at a Nashville housing project. When it was searched shortly thereafter pursuant to a search warrant, found in the car were multiple bags of marijuana, 125 grams of pressed cocaine, digital scales, two cell phones, and a loaded 45 caliber handgun.

Thomas Esslinger, a fourteen-year Special Agent with the Drug Enforcement Administration, testified as an expert in drug investigations. He testified that 125 grams of cocaine weighs as much as a baseball and would sell for thousands of dollars. He testified that this cocaine was "clumped" indicating it had been broken off from a kilo-sized pressed piece of cocaine indicative of distribution. He testified that a single use would typically be one gram or less and that, therefore, this quantity was indicative of distribution. He testified that digital scales are used by drug traffickers and that the presence of several bags of drugs was indicative of distribution. He testified that guns are often used to protect drugs and drug dealers and are often found in close proximity to drugs that are being distributed. The defendant cross-examined Agent Esslinger, bringing out that he had never testified as an expert before and had not been involved in this investigation. The court gave an appropriate instruction about the weight to be given to the testimony of an expert witness, and the court finds no error in the testimony of Agent Esslinger.

Desiree Newsome, a 24-year-old business management student at Nashville State Community College testified to being with the defendant approximately a month before the events with which he was charged at the same public housing project where the charged conduct took place. After weighing the appropriate factors for admission of Rule 404(b) evidence, the court allowed her to testify that she witnessed the defendant reach into the console of his car, pull out drugs, weigh them on a digital scale in the car, put them in a bag, deliver them to an individual not far from the car and come back to the car with cash. This proof was offered to prove that the defendant possessed the drugs found in his car a month later for the purpose of distributing them. The court gave a limiting instruction at the time of this testimony, informing the jury that the defendant was not charged with this drug distribution, but that this proof was offered to prove intent.

Ms. Newsome testified about a second important matter. On the night in question, when she witnessed the drug transaction by the defendant, she had entered his car with a handgun in her waistband. When she sat down in the car, she placed the gun on the passenger's side floorboard of the car and left it there when she needed to leave to take someone home, informing the defendant that she would be right back. When she returned, the defendant was gone. She testified that, over the course of the next month or so, she texted and called the defendant on numerous occasions, trying to get her gun back, but that he never returned it. This is the gun that was found in the console of the defendant's car next to the drugs when his car was seized. The defense vigorously cross-examined this witness about her relationship with the defendant, including introducing text messages she had sent to him indicative of her romantic interest in him. The defense argued that Ms. Newsome was a jilted lover who was biased against the defendant and was concocting her testimony in retaliation. Although there were minor inconsistencies in Ms. Newsome's testimony, and she may have been disappointed that a romantic relationship with the defendant had not worked out, the court found the core of her

3

testimony believable and finds that the prior drug transaction about which she testified was appropriate 404(b) evidence. The fact remains that the defendant never returned the handgun to Ms. Newsome after she left it in his car and that it was found in the console of his car next to the drugs that he was distributing. It was not a stretch for the jury to find that the defendant possessed Ms. Newsome's gun in furtherance of his drug trafficking.

The other piece of evidence objected to by the defendant was a 14-second "selfie" video found on one of the defendant's phones pursuant to a lawful search. The video was made three days before the defendant's car was seized, and he appears to have "set up camp" in the same housing project where his car was seized. He is outside sitting in a chair when a woman approaches him, asking him, in essence, if he has anything (meaning drugs). He responds that he has nothing right then but will have something "in a little bit". It is three days after this that a distribution amount of cocaine and marijuana are found in his car.

The court heard argument from both sides, did independent research, and carefully considered whether this evidence should be admitted. The court's reasoning was expressed in great detail on the record, and the court admitted this either as 404(b) evidence or evidence intrinsic to the charged conduct, in that the defendant was saying he would have drugs shortly and, in fact, three days later did have drugs. The court offered to give another contemporaneous 404(b) instruction to the jury; defense counsel declined that offer and, in fact, stated before the jury that he "did not object" to the admission of this selfie video. For the reasons expressed on the record at the trial, the court finds that this selfie video was appropriately admitted as evidence.

For these reasons, the court does not find that the verdict was against the manifest weight of the evidence; nor is the granting of a new trial required in the interest of justice. The defendant's Motion for New Trial (Docket No. 148) is DENIED.

It is so **ORDERED.**

ENTER this 16th day of April 2019.

_____
ALETA A. TRAUGER
U.S. District Judge